UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ANGELA H.,

               Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

               Defendant.

Case No. C25-5475-SKV

ORDER AFFIRMING THE
COMMISSIONER'S DECISION

Plaintiff seeks review of the ALJ's decision finding she was no longer disabled as of April 19, 2019. Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

## BACKGROUND

In March 2013, Plaintiff was found disabled beginning June 17, 2011. *See* AR 1813. Her disability was subsequently determined to have continued in a determination dated June 29, 2015. *See id*. In April 2019, Plaintiff was found to be no longer disabled since April 19, 2019. *See id*. This determination was upheld on reconsideration and, following a hearing, in an ALJ decision dated November 24, 2021. *See* AR 2271-86. In August 2022, following a denial of review by the Appeals Council and an appeal to this Court, the parties stipulated to a remand.

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 1

*See* AR 2301-02.  On remand, an ALJ held a hearing, AR 1843-76, and, in a decision dated March 27, 2024, found that Plaintiff's disability ended on April 19, 2019, and that she had not become disabled again since that date.  AR 1813-29.

### THE ALJ'S DECISION

The ALJ was tasked with determining whether Plaintiff's disability had ended.  *See* AR 1814.  He found that the most favorable medical decision, or the "comparative point decision" (CPD), was the determination dated June 29, 2015, and outlined her medically determinable impairments and residual functional capacity (RFC) assessed at the time of the CPD.  AR 1815.  The ALJ thereafter, and as described below, applied the eight-step "continuing disability" evaluation process.  *See* 20 C.F.R. § 404.1594.

The ALJ found that Plaintiff did not perform substantial gainful activity (SGA) for the period prior to October 1, 2020, due to a trial work period; performed SGA from October 1, 2020, through December 31, 2020; and had not engaged in SGA since January 1, 2021.  AR 1815.  The ALJ described Plaintiff's medically determinable impairments and found that, since April 19, 2019, those impairments did not meet or equal a listed impairment.[1]  AR 1817-19.  The ALJ found that medical improvement occurred on April 19, 2019, and that that improvement was related to Plaintiff's ability to work because it resulted in an increase in the RFC.  AR 1819.  The ALJ found that, since April 19, 2019, Plaintiff continued to have severe impairments, including obesity, multi-level degenerative disc disease, major depressive disorder, eating disorder, and migraine headache disorder.  *Id*.

The ALJ assessed Plaintiff's RFC as including the ability to perform light work, except that Plaintiff:  can sit, stand, and walk for four hours in an eight-hour workday; occasionally

---

[1] 20 C.F.R. Part 404, Subpart P., App. 1.

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 2

climb ramps and stairs; never climb ladders, ropes, or scaffolds; occasionally stoop, kneel, and crouch; never crawl; occasionally work at unprotected heights or around moving mechanical parts; can have occasional exposure to vibration; must be permitted to use hearing protection in loud or very loud environments; can frequently interact with coworkers and occasionally interact with the public; and cannot work in direct sunlight or, if working an outdoor job, must be permitted to use a hat and/or sunglasses to keep sun out of her eyes.  AR 1820.  The ALJ found that, since April 19, 2019, Plaintiff is capable of performing past relevant work at the composite job of a production clerk and personal scheduler.  AR 1827.  The ALJ alternatively found there were other jobs existing in significant numbers in the national economy that Plaintiff can perform.  AR 1828.  The ALJ therefore concluded that Plaintiff's disability ended on April 19, 2019, and that she has not become disabled again since that date.  AR 1829.

Plaintiff sought review and the Appeals Council declined to assume jurisdiction, AR 1725-31, making the ALJ's decision the Commissioner's final decision.  Plaintiff appealed the final decision of the Commissioner to this Court.  Dkt. 1.  The parties consented to proceed before the undersigned Magistrate Judge.  Dkt. 10.

**LEGAL STANDARDS**

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on harmful legal error or not supported by substantial evidence in the record as a whole.  *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005).  As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination."  *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted).  The Court looks to "the record as a whole to determine whether the error alters the outcome of the case."  *Id*.

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 3

Substantial evidence is "more than a mere scintilla.  It means - and means only - such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (cleaned up); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989).  The ALJ is responsible for evaluating symptom testimony, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist.  *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner.  *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).  When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld.  *Id.*

### DISCUSSION

Plaintiff raises a variety of arguments associated with the decisions of both the Appeals Council and the ALJ.  *See* Dkts. 25 & 33.  The Commissioner rejects Plaintiff's challenges as related to the Appeals Council and argues that the ALJ's decision is free of harmful legal error, supported by substantial evidence, and should be affirmed.

### A.     Appeals Council Decision

Plaintiff asserts that the Appeals Council erred by applying the wrong standard of review and failing to consider her factual and legal arguments.  Dkt. 25 at 1.  More specifically, Plaintiff assigns error in relation to, *inter alia*, the Appeals Council's failure to file an amended notice correcting the deadline for filing exceptions to the ALJ's decision, failure to identify the correct date of the ALJ's decision, and failure to list out and consider all of the arguments and evidence she submitted.  *See id*. at 1-5.

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 4

The Court does not have jurisdiction to review a decision of the Appeals Council denying a request for review, "because the Appeals Council decision is a non-final agency action." *Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012) (citing *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1231 (9th Cir. 2011)). *See also Luther v. Berryhill*, 891 F.3d 872, 876 (9th Cir. 2018) ("[T]he Appeals Council's reasoning for denying review is not considered on subsequent judicial review."). "When the Appeals Council declines review, 'the ALJ's decision becomes the final decision of the Commissioner,' and the district court reviews that decision for substantial evidence, based on the record as a whole[.]" *Brewes,* 682 F.3d at 1161-62 (first quoting *Taylor*, 659 F.3d at 1231; then citing *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999)).

In this case, the Appeals Council denied Plaintiff's request for review. *See* AR 1725-31. The Court therefore lacks jurisdiction over and does not consider Plaintiff's challenges to the decision of the Appeals Council denying review.[2]

**B.      ALJ's Decision**

Plaintiff asserts numerous errors in relation to the ALJ's decision. *See* Dkts. 25 & 33. However, as the Commissioner observes, the assignments of error are difficult to discern, lack sufficient development, support, and clarity, and are otherwise deficient.

Plaintiff bears the burden of demonstrating harmful error. *See Ludwig v. Astrue*, 681 F.3d 1047, 1054 (9th Cir. 2012) (citing *Shinseki v. Sanders*, 556 U.S. 396, 407-09 (2009)). Neither the bare assertion of an issue, nor summaries of evidence unaccompanied by analysis or legal arguments suffice to demonstrate harmful error. *See Greenwood v. Fed. Aviation Admin.*, 28 F.3d 971, 977 (9th Cir. 1994) ("We will not manufacture arguments for an appellant, and a

---

[2] To the extent Plaintiff asserts an absence of substantial evidence support for the ALJ's decision based on the evidence submitted to the Appeals Council, that assertion is separately addressed below.

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 5

bare assertion does not preserve a claim, particularly when a host of other issues are presented for review."); *see also Putz v. Kijakazi*, No. 21-35733, 2022 WL 6943095, at *2 (9th Cir. Oct. 12, 2022) (finding plaintiff waived any points offered either through bare assertions of error or through lists of "numerous clinical findings, unaccompanied by argument, intended to corroborate testimony the ALJ discounted"); *Ve Thi Nguyen v. Colvin*, C13-882 RAJ-BAT, 2014 WL 1871054, at *2 (W.D. Wash. May 8, 2014) ("It is not enough merely to present an argument in the skimpiest way, and leave the Court to do counsel's work-framing the argument, and putting flesh on its bones through a discussion of the applicable law and facts.").  Also, the Court may not "reweigh the evidence or substitute [its] judgment for that of the ALJ."  *Ahearn v. Saul*, 988 F.3d 1111, 1115 (9th Cir. 2021).  Finally, because "arguments not raised by a party in an opening brief are waived[,]" *Zango, Inc. v. Kaspersky Lab, Inc.*, 568 F.3d 1169, 1177 n.8 (9th Cir. 2009), the Court considers only those arguments first raised "'specifically and distinctly'" in Plaintiff's opening brief, *Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) (quoted source omitted).

Plaintiff's assignments of error are set forth in a disorganized and confusing fashion. Plaintiff relies on summaries of evidence and conclusory assertions, and omits demonstrations of harm.  Plaintiff, for example, asserts error in the consideration of assessments by her therapist and lay testimony from her family members and employer, but does not address the reasons provided by the ALJ for assigning those assessments and testimony little weight, let alone demonstrate error or resulting harm.  *See* AR 1826 (finding assessments of Jenna Wilson, MSW, not consistent with her own office notes, which showed generally normal findings, appearing to rely heavily on and uncritically accept as true Plaintiff's subjective report of symptoms and limitations, and not consistent with Plaintiff's self-reported activities); AR 1827 (finding lay

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 6

statements not consistent with Plaintiff's treatment history, which established conservative treatment, and not consistent with medical observations, which were generally normal).

The Court finds no harmful error established in relation to the insufficiently briefed assignments of error contained in Plaintiff's opening brief and declines to address any new arguments raised for the first time in her reply. *See* Dkts. 25 & 33; *see also* Dkt. 27 at 8-9. However, like the Commissioner, the Court construes Plaintiff's opening brief to adequately raise two distinct assignments of error, which the Court separately addresses below.

1.    *Evidence Submitted to the Appeals Council*

"[W]hen the Appeals Council considers new evidence in deciding whether to review a decision of the ALJ, that evidence becomes part of the administrative record, which the district court must consider when reviewing the Commissioner's final decision for substantial evidence." *Brewes*, 682 F.3d at 1163.  The Court must, in other words, "determine whether the ALJ's finding of nondisability was supported by substantial evidence in the entire record – including any new evidence in the administrative record that the Appeals Council considered – not just the evidence before the ALJ." *Gardner v. Berryhill*, 856 F.3d 652, 656 (9th Cir. 2017).

Plaintiff submitted new evidence to the Appeals Council.  All of that evidence – which is dated between December 2023 and February 2025 and includes treatment notes and summaries, imaging results, a letter from a provider supporting a pool membership, a note from a provider regarding headaches/migraines, and other documents – is included in the record.  *See* AR 1732-1809, 2170-82, 2223-41.  *See also* AR 1726 (Appeals Council decision discussing the records dated during the period under review by the ALJ and finding that evidence would not change the ALJ's decision; further finding no other basis for changing the ALJ's decision).

Plaintiff fails to demonstrate that the evidence submitted to the Appeals Council undermines the substantial evidence support for the ALJ's decision. Plaintiff does not show, for example, how the evidence undermines the ALJ's assessment of medical opinions or the ALJ's conclusion that Plaintiff could perform light work with postural, exertional, environmental, and social imitations. Plaintiff, at best, argues that both the evidence submitted to the Appeals Council and the other medical evidence of record should be interpreted as supporting a finding of disability. To the extent Plaintiff suggests a different interpretation of the evidence, that argument does not support remand. Indeed, the mere "possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence." *Consolo v. Fed. Maritime Comm'n*, 383 U.S. 607, 620 (1966). The "key question is not whether there is substantial evidence that could support a finding of disability, but whether there is substantial evidence to support the Commissioner's actual finding that claimant is not disabled." *Jamerson v. Chater*, 112 F.3d 1064, 1067 (9th Cir. 1997). *See also Shaibi v. Berryhill*, 883 F.3d 1102, 1108 (9th Cir. 2018) (the fact the ALJ "*could have come to a different conclusion*" in interpreting the record does not suffice to demonstrate error) (emphasis in original). Plaintiff fails to show that the records submitted to the Appeals Council compel a different conclusion than the one reached by the ALJ.

### 2.  *Symptom Testimony*

Absent evidence of malingering, an ALJ must provide clear and convincing reasons to discount a claimant's testimony. *See Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014). An ALJ is not required to believe every allegation, *Ahearn v. Saul*, 988 F.3d 1111, 1116 (9th Cir. 2021), nor to analyze the claimant's testimony line by line, *Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020). "The standard isn't whether our court is convinced, but instead whether the

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 8

ALJ's rationale is clear enough that it has the power to convince." *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022).

Here, in discounting Plaintiff's symptom testimony, the ALJ found that the medical findings did not support the existence of greater limitations than those assessed in the RFC, inconsistency between Plaintiff's allegations and the objective medical and other evidence of record, that treatment for her physical impairments had been essentially routine and/or conservative in nature and generally effective in controlling her symptoms, and that her mental health treatment had likewise been essentially routine and/or conservative. AR 1820-24. The ALJ also found that Plaintiff's activities, including her part-time work during the alleged period of disability, volunteering with multiple organizations (including volunteering, going to meetings, doing fundraisers for a children's hospital, planning and meetings over Zooms, and holding an elected, "line officer" position), and generally normal activities of daily living (including shopping, doing household chores, preparing meals, playing games, and light gardening), suggested greater functioning than alleged. AR 1824-25.

Plaintiff asserts that the ALJ failed to provide clear, and convincing reasons for rejecting her testimony. She appears to argue that the medical evidence supports a different conclusion, that the ALJ misrepresented and relied on an impermissibly selective reading of the record, that the ALJ failed to cite sufficient evidence to support his conclusions, and that the decision lacks a "'logical bridge'" between the evidence and result. *See* Dkt. 25 at 17-21 (quoted source omitted).

Contrary to Plaintiff's contention, and as described above, the ALJ provided several specific, clear, and convincing reasons for discounting Plaintiff's testimony. *See, e.g., Smartt*, 53 F.4th at 498-500 (ALJ properly considers inconsistency between testimony and objective

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 9

medical evidence, as well as inconsistency with activities); *Ford v. Saul*, 950 F.3d 1141, 1156 (9th Cir. 2020) ("An ALJ may consider any work activity, including part-time work, in determining whether a claimant is disabled[.]"); *Parra v. Astrue*, 481 F.3d 742, 750-51 (9th Cir. 2007) ("evidence of 'conservative treatment' is sufficient to discount a claimant's testimony regarding severity of an impairment"); *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) ("While subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects."). Moreover, the ALJ's interpretation of the evidence was rational, supported by substantial evidence, and accompanied by detailed explanations of the evidence relied on and its relationship to the conclusions reached. *See* AR 1820-25. Plaintiff, for these reasons, fails to demonstrate error in the ALJ's consideration of her subjective symptom testimony.

## CONCLUSION

For the reasons set forth above, the Commissioner's final decision is AFFIRMED and this case is DISMISSED with prejudice.

Dated this 11th day of May, 2026.

S. KATE VAUGHAN
United States Magistrate Judge

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 10